SAULS, RICHARD M., Associate Judge.
The appellees, as plaintiffs, obtained a money judgment on the equity side of the lower court against the appellant, Anthony T. Yafanaro, in the sum of $1,000, plus interest thereon; from said judgment the defendant has appealed.
The appellees filed a complaint against the appellant and his wife, Lauranell Yafa-naro, in the Circuit Court of Brevard County, praying for the enforcement of an equitable lien against certain property therein described, or from the proceeds of a sale *287 represented by a purchase-money mortgage. It was alleged that the appellant, Anthony T. Yafanaro, made, executed and delivered to the plaintiffs, appellees, his promissory note in the principal sum of $1,000, payable on the day that he, the appellant, closed a deal for the sale of the Floridian Hotel, located in Titusville, Florida, with interest thereon from maturity at five percent per annum.
It was further alleged that the appellant had closed the sale of the Floridian Hotel, and had failed and refused to pay the indebtedness represented by the note. It was also alleged that contemporaneously with the giving of the note, the defendant, Anthony T. Yafanaro, represented that said note could be paid out of the proceeds of the sale of the Floridian Hotel, and authorized such in writing, as follows:
“Titusville, Fla.,
May IS, 1952.
“To Any Real Estate Broker in the State of Florida:
“This is to advise that I, Anthony T. Yafanaro, am indebted to Anthony Ninos and Christ Panos in amount of $1000.00 as evidenced by a promissory note dated May 15, 1952, payable on the date that I close the deal for the sale of the Floridian Hotel, 417 Julia Avenue, Titusville, Florida.
“You are hereby authorized to deduct from the proceeds of said sale $1000.00 for payment to the said Anthony Ninos and Christ Panos, and I hereby further authorize you to pay said money to the said Anthony Ninos and Christ Panos upon the surrender to you of said note dated May 15, 1952.
“Very truly yours,
/s/ (illegible)
“A. T. Yafanaro :c”
It was further alleged that in connection with the sale of the hotel, the appellant and his wife received a note and a mortgage.
The sole allegation made by the appellees against the wife, Lauranell, is found in paragraph 5 of the complaint, as follows:
“The Defendant, Lauranell E. Yafa-naro, is made a party hereto by reason of her interest in said Note and Mortgage.”
In due course, the appellant filed his motion to dismiss and the wife filed her motion to dismiss. The said motions to dismiss were multiple paragraph motions; however, each of the said motions contained one common ground: That the complaint failed to state a cause of action against the individual defendants, and, further, that the plaintiff had an adequate remedy at law.
The trial judge denied the motions to dismiss by his order dated the 25th day of August, 1959, after the complaint had been amended by interlineation to show the copying of the letter that has been mentioned above.
The cause went to final hearing and the final decree was entered in said cause on the 17th day of December, 1959, stating, among other things, “that a proper basis for jurisdiction in this Court of Equity and for equitable relief has been shown.” It further stated that the defendants had received payment on the mortgage constituting a portion of the sale proceeds of the Floridian Hotel and that said mortgage had been satisfied, held that the note was good, and entered personal judgment against Anthony T. Yafanaro in the principal sum of $1,000, plus $122.92 for interest, together with court costs, but found that there was not sufficient basis for personal liability against the defendant, Lau-ranell E. Yafanaro.
Appellant poses one primary question: Did a Court of Equity have jurisdiction so as to deprive the defendant of a jury trial where the complaint is based on a note signed by a married man individually where the relief sought is to impose an *288 equitable lien on property owned jointly by the man and his wife as tenants by the entirety ?
The appellees pose the question: Did the Court of Equity have jurisdiction to hear and adjudicate this complaint for an equitable lien and other incidental relief?
The appellees rely strongly on the case of Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409, and Bryan, Keefe & Co. v. Howell, 92 Fla. 295, 109 So. 593, to sustain the action of the lower court.
The Court has scrutinized carefully the original complaint filed in this cause, and has arrived at the conclusion that the said complaint did not state a cause of action against the appellant and his wife cognizable in equity.
It is interesting to note that in this case the wife did not sign the note sued upon; neither did she sign the letter authorizing the payment of the note out of the proceeds of the sale of the Floridian Hotel. It is undisputed that the property upon which the Floridian Hotel is situated was owned by the appellant, Anthony T. Yafanaro, and his wife as tenants by the entireties; and, as such, under the common law, neither the husband nor the wife, acting separately, could create a lien upon the estate by the entireties, except where same is modified by statute.
The original complaint contains no allegation of fraud or misrepresentation on behalf of the wife that would act as an estoppel against her in a Court of Equity.
Accordingly, the final decree of the lower court is hereby reversed, and the said cause is hereby remanded to the lower court to grant the defendants’ motions to dismiss the original complaint with leave to amend, or, in the alternative, to transfer same to the law side of the court.
ALLEN, C. J., and SHANNON, J., concur.